UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

OUITA CORLEY                                              CIVIL ACTION NO. 6:13-cv-02571

VERSUS                                                         JUDGE DOHERTY

STRYKER CORPORATION AND                      MAGISTRATE JUDGE HANNA
STRYKER SALES CORPORATION

### RULING ON MOTION

Currently pending before the Court is the defendants' motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Rec. Doc. 7). The motion is opposed. Oral argument was heard on February 25, 2014. Considering the evidence, the law, and the arguments presented, and for the following reasons, the motion will be denied, the plaintiff will be given an opportunity to amend her complaint, and the defendants will be permitted to reurge their motion if appropriate.

### BACKGROUND

According to the plaintiff's complaint, the plaintiff underwent knee-replacement surgery at Lafayette General Hospital on March 30, 2009. She alleges that her surgeon used a ShapeMatch Cutting Guide, which was allegedly manufactured by Stryker Orthopaedics, a division of Stryker Corporation, in connection with her surgery. She alleges that the ShapeMatch Cutting Guide was

designed to be used along with an MRI of a patient's knee to help the surgeon decide exactly where to cut the patient's bones so that the new knee would fit well. Ms. Corley alleges that the ShapeMatch Cutting Guide was recalled in April 2013. She claims to have pain, discomfort, joint instability, and limited mobility, and alleges that testing has shown that her knee is misaligned. She attributes these problems to her surgeon's use of the ShapeMatch Cutting Guide.

## ANALYSIS

### A. THE DEFENDANTS' CONTENTIONS

The defendants contend that the plaintiff's complaint fails to allege sufficient facts and should, therefore, be dismissed. More particularly, the defendants argue that the plaintiff has not asserted a valid claim under the Louisiana Products Liability Act, that the applicable pleading requirements cannot be circumvented because the ShapeMatch Cutting Guide was recalled, and that all claims falling outside the Louisiana Products Liability Act should be dismissed.

### B. THE APPLICABLE STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face.[1] A claim is plausible on

---

[1] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[3] The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party."[4] "This standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[5]

## C.   THE EXCLUSIVITY OF THE LPLA CLAIM

The plaintiff's complaint does not expressly assert a claim under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51, *et seq*. The complaint does, however, expressly assert the following claims: negligence, breach of express warranty, breach of implied warranty, strict liability failure to warn, strict liability design defect, strict liability manufacturing defect, strict liability failure to adequately

---

[2]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3]   *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 545.

[4]   *In re Southern Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008).

[5]   *In re Southern Scrap Material Co., LLC*, 541 F.3d at 584, 587 (internal quotation omitted).

test, and a claim for punitive damages. The plaintiff's complaint premises jurisdiction before this Court on 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. (Rec. Doc. 5 at 3). When subject-matter jurisdiction is based on diversity, as it is in this case, federal courts apply the substantive law of the forum state.[6] Therefore, Louisiana's substantive products liability law – the LPLA – applies to this case.

The LPLA provides that it is the exclusive remedy for products liability suits, stating that "[a] claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter."[7] Therefore, the claims asserted by Ms. Corley in this lawsuit are cognizable only if they can be restated in accordance with the LPLA.

---

[6] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). See, e.g., *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010); *Coe v. Chesapeake Exploration, L.L.C.*, 695 F.3d 311, 316 (5th Cir. 2012); *Learmonth v. Sears, Roebuck and Co.*, 710 F.3d 249, 258 (5th Cir. 2013); *McLane Foodservice, Inc. v. Table Rock Restaurants, L.L.C.*, 736 F.3d 375, 377 (5th Cir. 2013).

[7] La. R.S. 9:2800.52. See, also, *Payne v. Gardner*, 2010-C-2627 (La. 02/18/11), 56 So.3d 229, 231 ("plaintiff's exclusive remedy. . . sounds in products liability as governed by the Louisiana Products Liability Act"); *Mazant v. Visioneering Inc.*, 250 Fed. App'x 60, 63 (5th Cir. 2007) ("since the LPLA provides the exclusive theories of liability for manufacturers for damage caused by their products, liability based on a negligence claim is not permitted"); *Grenier v. Medical Engineering Corp.*, 243 F.3d 200, 204 (5th Cir. 2001) ("the LPLA establishes four exclusive theories of liability: defective design, defective construction, failure to warn, and breach of warranty").

D.  **THE PLAINTIFF ARGUES FOR LEAVE TO AMEND HER COMPLAINT**

Although the plaintiff has already amended her complaint twice, she argues in her opposition brief that she should be afforded an opportunity to amend her complaint to correct any deficiencies. (Rec. Doc. 19 at 1). "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[8] "Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'"[9]

Accordingly,

IT IS ORDERED that the pending motion to dismiss (Rec. Doc. 7) is DENIED.

IT IS FURTHER ORDERED that the plaintiff shall, not later than thirty days after the date of this ruling, file an amended complaint asserting claims under and in conformity with the LPLA and striking all claims asserted in the earlier complaints that are not permitted under the LPLA.

---

[8] *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997), quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[9] *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

IT IS FURTHER ORDERED that the defendants may, if appropriate, thereafter reurge a Rule 12(b)(6) motion to dismiss the amended complaint.

Signed at Lafayette, Louisiana, on February 25, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE